IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NIKE, INC,

    Plaintiff

    V.

Kingspinner 715 days

    Defendant

Case No. 22-cv-01172
Honorable Gary Feinerman



## Response to Plaintiff's Motion for Sanction

Plaintiff did not tell Defendant why it should reply to the Plaintiff's discovery request, and did not send the documents of discovery request to Defendant. Defendant did not deliberately ignore the Plaintiff's written discovery request, Defendant needs some time by itself to understand the basis of the Plaintiff's discovery request and submit the corresponding response. Now, Defendant hereby replies to Plaintiff's discovery request as follows[1], hoping the Court to deny Plaintiff's Motion For Sanction.

**Defendant's Disclosures According To Plaintiff's Discovery Request Under Rules 26 and 36**

1. Store's name: Kingspinner 715 days.

2. Defendant's Amazon Financial Accounts: A3KXYZ0M5Q5YW4, Defendant has only this one account.

3. Store's domain name: https://www.amazon.com/sp?ie=UTF8&seller=A3KXYZ0M5Q5YW4.

4. Title of accused product: Dri-Fit Long Sleeve T Shirts for Men Running Shirt Quick Dry Pullover Athletic Workout 2 Buttons Classic --Shirt.

5. Image of accused product:



---

[1] Defendant has also replied to Plaintiff's Requests For Admission via email.

6. Sales volume of accused product: 0.

7. Sales amount of accused product: 0.

8. Sales unit price of accused product: $25.59.

9. Defendant's restrained funds during the TRO stage[2]: $22,078.61.

10. How to determine accused product and corresponding sales data: According to Plaintiff's evidence and complaint, Defendant learned that Plaintiff was suing Defendant on the ground of use of Terms "Dri-Fit". Defendant logged into the store and searched all products relating to "Dri-Fit", found the store generated only 1 order relating to "Dri-Fit" product from 1/1/2019 to 4/30/2022, and the order was canceled. In other words, Defendant did not actually sell the accused products.



11. Sales date of accused products: During the period of January and February ,2022.

12. Defendant has no social media platforms or channels other than Amazon in which defendant advertised accused products.

13. Defendant did not sell the accused product to Illinois.

14. Defendant did not sell the accused product to United States.

15. Defendant has disclosed all information about the accused products in good faith. Defendant refuses to disclose other information irrelevant to plaintiff's brand, because they belong to Defendant's business secrets and personal privacy.

Based on above, Defendant respectfully requests the court to deny Plaintiff's Motion For Sanction.

**Respectfully submitted**                                                                                              Dated: May 5, 2022.

/s/ Song Yin Zhen

E-mail: jddfam@163.com; chenyanlvjie@qq.com;    Phone number:131-2045-1355

101, Henghe building, Donghuan 1st Road, Longhua District, Shenzhen

---

[2] Although the TRO against Defendant expired, it appears that Plaintiff did not notify Amazon to release the defendant's store from the TRO. I ever asked Plaintiff to notify Amazon to release the store, but Plaintiff did not reply to Defendant at all. In addition, as Amazon only act according to the instructions of the plaintiff's lawyer, it is almost useless for the Defendant to contact Amazon to release the account. Defendant had no choice but to try to seek other lawyers to help Defendant free from expired TRO.